B. J. McDonald et al. v. Robert Lusk et al.

EQUITABLE ESTOPPEL. *Recitals in deed. Insufficient description.* The recital of a deed excepting out of the conveyance lands embraced therein must, to work an estoppel, be as definite and descriptive as are required by law in a deed of conveyance, either by their presence in the deed relied on as an estoppel, or by a reference to another in which they are sufficiently set out.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

R. M. BARTON for complainants.

M. H. CLIFT and KEY & RICHMOND for respondents.

TURNEY, J., delivered the opinion of the court.

Complainants were sued in an action of ejectment in the circuit court of Hamilton county. They filed this bill to enjoin that action, charging that they are the heirs at law of John Patterson, who held under a deed from Moses McSpadden. That John Hackett conveyed to Moses McSpadden in 1809. That the title papers from McSpadden to John Patterson have been lost, etc.

Amongst other things, they pray that such title papers "be discovered and set up and established." "That the deed from Hackett to McSpadden be cor-

rected so as to read in the line called for next before the closing line north 45° west, instead of 45° east, to the foot of the mountain."

The answer admits a deed from Hackett to McSpadden, but denies any conveyance by McSpadden to John Patterson, and none is shown to have ever existed.

The defendants filed a number of title papers, and complainants insist that although they have failed to show the title papers claimed by their bill, the defendants are estopped to deny their existence by recitals in their own evidences of title, especially in the deed of Josiah Danforth to McClung and Corsby. The language of that deed relied upon as an estoppel, is as follows: "The following tract of land, excluding therefrom the lands hereinafter described as being reserved, the said tract containing twenty thousand acres, be the same more or less, it being the same tract of land that was granted by the State of North Carolina to Stokly Donaldson," and then in another portion of the deed, "Reserving out of the same such lands as are reserved by John Hackett in his deed of trust to John Williams, given for the purpose of securing to Charles McClung the payment of the sum or sums of money therein mentioned, lying in that part of said land to which the Indian title is not extinguished, as also the further following tracts of land conveyed to Josiah Danforth in trust to Robert Patterson, supposed to contain about three hundred acres."

It is now insisted, "This proves that either Donaldson or Danforth executed a deed to John Hackett for a part of the twenty thousand acre grant, and that Dan-

forth conveyed to Robert Patterson a tract of about three hundred acres."

Admitting the fact to be as claimed, still the recitals are not such as will work an estoppel under the case made by the record. The reservation is of about three hundred acres from a grant of twenty thousand acres, and in that part of the twenty thousand acres' in which the Indian title is not extinguished. This is not such description as would enable a surveyor or any one else to go upon the granted lands and lay off the three hundred acres.

The recitals to work an estoppel must be as definite and descriptive as are required by law in a deed of conveyance, either by their presence in the deed relied on as estoppel or by reference to another in which they are sufficiently set out. Besides, there is no reference by the deed of Danforth to any deed or evidence of title in John Patterson.

As complainants have failed to show the existence and loss of John Patterson's title papers, or to connect themselves with the title from Hackett to McSpadden, they are not entitled to the equitable relief prayed for. The decree is reversed, the bill dismissed with costs, and the parties remitted to their rights at law.